DAVID D. LIN (DL-3666)
JUSTIN MERCER (JM-1954)
**LEWIS & LIN, LLC**
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
David@iLawco.com
Justin@iLawco.com
Telephone: (718) 243-9323
Facsimile: (718) 243-9326

*Attorneys for Plaintiffs*
DR. MUHAMMAD MIRZA and
ALLIED MEDICAL AND DIAGNOSTIC SERVICES, LLC

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DR. MUHAMMAD MIRZA and ALLIED MEDICAL AND DIAGNOSTIC SERVICES, LLC,<br><br>*Plaintiffs*,<br><br>vs.<br><br>LORI MEHRKENS, JULIE SPERBER and JOHN DOES #3-9 and 11,<br><br>*Defendants.* | Case No: 1:18-CV-06232-LAP<br><br><br>**SECOND AMENDED COMPLAINT** |

Plaintiffs Dr. Muhammad Mirza, MD, ("Dr. Mirza") and Allied Medical and Diagnostic Services, LLC, ("Allied Medical", collectively with Dr. Mirza, "Plaintiffs") by their attorneys Lewis & Lin LLC, for their second amended complaint against Defendants Lori Mehrkens ("Mehrkens"), Julie Sperber a/k/a "Jay Johnson" ("Sperber"), and John Does #3-9 and 11, (collectively with Mehrkens and Sperber, "Defendants"), allege as follows:

**STATEMENT OF CASE**

1.      This is an action for recovery of damages and injunctive relief arising from blatant acts of defamation and tortious interference with contracts, in connection with the

1

publishing of defamatory reviews by Defendants on Yelp.com regarding Plaintiffs.

2.　　Defendants created, or caused to be created, reviews for the purpose of publishing false and defamatory statements (the "Defamatory Reviews"). Defendants' Defamatory Reviews remain active and, upon information and belief, are viewed by thousands of visitors each day, and Defendants continue to defame and injure Plaintiffs with these Defamatory Reviews.

3.　　As a result of Defendants' misconduct, Plaintiffs have been and continue to be substantially and irreparably harmed.

## PARTIES

4.　　Plaintiff Dr. Muhammad Mirza, MD ("Dr. Mirza") is a medical doctor, board-certified in internal medicine and licensed to practice medicine in the states of New York and New Jersey.  Dr. Mirza is domiciled at 124 Eileen Drive, Cedar Grove, New Jersey 07009.  Dr. Mirza is not a public official and not a public figure.

5.　　Plaintiff Allied Medical and Diagnostic Services, LLC ("Allied Medical") is a limited liability company organized with one sole member, existing under the laws of the State of Delaware, with its principal place of business in the State of New York, County of New York. Plaintiff Dr. Mirza is the sole member and principal of Plaintiff Allied Medical, which is also a citizen of New Jersey for jurisdictional purposes.

6.　　Defendant Lori Mehrkens ("Mehrkens") is an individual domiciled in the State of New York and residing at 44 Nottingham Road, Rockville Centre, New York 11570.

7.　　Defendant Julie Sperber ("Sperber") is an individual domiciled in the State of New York and residing at 21 West End Avenue, New York, New York 10023.

8.　　The true name and capacity of the Defendants sued herein as John Does #3 through 9 and 11 (the "Doe Defendants") are unknown to Plaintiff, who sues these Defendant under such fictitious names.  The Doe Defendants created and maintain the Internet-based,

2

Defamatory Reviews denigrating Plaintiffs on Plaintiffs' various Yelp.com profiles.  Upon information and belief, the Doe Defendants reside in the State of New York, and are engaged in commerce in the United States, including within this judicial district. The Defamatory Reviews do not provide contact information for their respective John Doe authors, and Yelp.com has refused to provide the Doe Defendants' contact information without a court order.  If necessary and after discovery, Plaintiffs will seek leave of court to amend this Complaint to state the Doe Defendants' true names when they are ascertained.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as this is an action between citizens of different states and the amount in controversy exceeds $75,000.

10.      This Court has personal jurisdiction over the Defendants because, upon information and belief, they are residents of the State of New York.

11.      This Court has further personal jurisdiction over the Doe Defendants because they subjected themselves to this Court's jurisdiction by invoking the benefits and protections of this State in an attempt to cause harm within the State of New York.  The Doe Defendants' false and injurious Defamatory Reviews specifically targeted and identified Plaintiffs, and have caused injury to property within the state of New York.  Thus, personal jurisdiction over the Doe Defendants is also proper in New York pursuant to NY C.P.L.R. § 302(a).

12.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and (2), since some, or all, of the conduct that is the subject of this action occurred in this district.

## BACKGROUND COMMON TO ALL CLAIMS

13.      Dr. Mirza operates a successful and respected medical practice, Plaintiff Allied Medical.

14.     Dr. Mirza is board-certified in internal medicine and licensed to practice medicine in New York and New Jersey.  Dr. Mirza received his medical degree at the University of Karachi in Pakistan, in 1995.  After that he served as a resident at Kingsbrook Hospital in Brooklyn, New York, from 1998 to 1999, and then Overlook Hospital, in Summit, New Jersey, from 1999 to 2001. He then served as a Post-Doctoral Research Fellow at John Hopkins University Hospital in Baltimore, Maryland.

15.     Dr. Mirza has decades of experience practicing medicine.

16.     Dr. Mirza visits different offices on different days for the convenience of his patients, but his principal office is at 290 Madison Avenue, 6th Floor, New York, New York 10017.

17.     In accordance with the administrative structure of Yelp.com, each one of Plaintiffs' office locations has a distinct Yelp.com profile where consumers or patients can post reviews.  Plaintiffs various profiles are located at:

- https://www.yelp.com/biz/botox-juvederm-doctor-new-york
- https://www.yelp.com/biz/botox-juvederm-doctor-new-york-3
- https://www.yelp.com/biz/botox-juvederm-doctor-cedar-grove

18.     As part of Dr. Mirza's medical practice, he offers injections of Botulinum toxin A, commonly known as (and hereinafter referred to as) "Botox," manufactured by Allergen PLC.

19.     Botox has various medical applications, but most patients seek out elective treatments for cosmetic applications.  Botox injection into the muscles under facial wrinkles causes relaxation of those muscles, resulting in the smoothing of the overlying skin.

20.     As with many cosmetic treatments, patients often find that the results of Botox injections do not live up to their expectations.

21.     While most of Plaintiffs' patients have shared their opinions in a lawful and

reasonable manner, a handful of disgruntled Botox patients have chosen to voice false and

defamatory accusations on Yelp, as described below.

<u>**The First Defamatory Review**</u>

22.     On or about September 15, 2017, Defendant Lori Mehrkens, with the username

"Lori M.," directed the authoring of a harassing and defamatory user review of Plaintiffs on

Yelp.com (accessible at to the public on the Internet at https://www.yelp.com/biz/botox-

juvederm-doctor-new-york-3) (the "First Defamatory Review").

23.     Specifically, the First Defamatory Review stated as follows:

> I asked Dr Muhammad Mirza in a Cederhurst NY location,
> why isn't he filling the syringe in front of me like other Dr's
> I have gone to?  He said he does it in advance to save time,
> BS!  All other Dr's do this in front of client. **He is
> probably reusing product or diluting product**!!!  You
> can get all kinds of diseases this way!!!!

24.     The First Defamatory Review is false. Defendant Lori Mehrkens directed the

dissemination of the First Defamatory Review in such a fashion that no reasonable person would

believe that the statements made therein were opinion, but rather statements of fact about

Plaintiffs.

25.     The above statements are knowingly and materially false, and were made to

defame Plaintiffs.

26.     Upon information and belief, Defendant Lori Mehrkens published the First

Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing them to

lose revenue as the statements in the First Defamatory Review bear directly on Plaintiffs'

services, professional capabilities, business practices, professional hygiene and treatment of their

clients—all key aspects of Plaintiffs' business and factors that any patient considers before

choosing to see a doctor.

27.     It is not possible that Plaintiffs engaged in the conduct alleged in the First

Defamatory Review because Dr. Mirza never dilutes or reuses products.

28.     Accordingly, the First Defamatory Review is undeniably false.

**The Second Defamatory Review**

29.     On or about November 20, 2017, Defendant John Doe #3, with the username "Doris B.," directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (accessible at to the public on the Internet at https://www.yelp.com/biz/botox-juvederm-doctor-new-york) (the "Second Defamatory Review").

30.     Specifically, the Second Defamatory Review stated as follows:

> This doctor is a rip off and will do harm to you, stay far away from him, he put filler in my face that was not filler, i had a white lump in my face for a long time, **he is a scam artis**, goes from one office to another **injects things he should not**. anyone who post anything diffrent knows him or works for him stay far away.

31.     The Second Defamatory Review is false. Defendant John Doe #3 directed the dissemination of the Second Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about the Plaintiffs.

32.     The above statements are knowingly and materially false, and were made to defame the Plaintiffs.

33.     Upon information and belief, Defendant John Doe #3 published the Second Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing them to lose revenue as the statements in the Second Defamatory Review bear directly on Plaintiffs' services, professional capabilities, business practices, professional hygiene and treatment of their clients—all key aspects of Plaintiffs' business and factors that any patient considers before choosing to see a doctor.

34.     It is not possible that the allegations in the Second Defamatory Review are true

because and Plaintiff Dr. Mirza is a licensed and experienced medical professional and not a "scam artis," and Plaintiffs only use real, medical-grade dermal "filler" (a biodegradable gel composed of hyaluronic acid to add volume to the skin).

35.     Accordingly, the Second Defamatory Review is undeniably false.

**The Third Defamatory Review**

36.     On or about December 5, 2017, Defendant John Doe #4, with the username "Tina K.," directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (accessible at to the public on the Internet at https://www.yelp.com/biz/botox-juvederm-doctor-cedar-grove) (the "Third Defamatory Review"), concerning Plaintiff Dr. Mirza.

37.     Specifically, the Third Defamatory Review stated as follows:

> Absolutely disgusted with his professionalism and hope his practice gets shut down. He is nothing but a money hungry **scam artist** who can't own up to his mistakes.

38.     The Third Defamatory Review is false. Defendant John Doe #4 directed the dissemination of the Third Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about the Plaintiffs.

39.     The above statements are knowingly and materially false, and were made to defame the Plaintiffs.

40.     Upon information and belief, Defendant John Doe #4 published the Third Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing him to lose revenue as the statements in the Third Defamatory Review bear directly on Plaintiffs' services, professional capabilities, business practices, professional hygiene and treatment of their clients—all key aspects of Plaintiffs' business and factors that any patient considers before choosing to see a doctor.

41.     It is not possible that the allegations in the Third Defamatory Review are true because Plaintiff Dr. Mirza is a licensed and experience medical professional and not a "scam artist."

42.     Accordingly, the Third Defamatory Review is undeniably false.

**The Fourth Defamatory Review**

43.     On or about January 23, 2018, Defendant John Doe #5, with the username "Augustine S.," directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (accessible at to the public on the Internet at https://www.yelp.com/biz/botox-juvederm-doctor-new-york-3) (the "Fourth Defamatory Review").

44.     Specifically, the Fourth Defamatory Review stated as follows:

> If I can give him a zero I would. Went there for Botox. A day after getting Botox injections I broke out with these fluid filled pimples all around the injection sites. Doesn't fill the syringe in front of. Botox is supposed to last for 3-6 months, It barely lasted a month. **No idea what he was "mixing" it with.** And on top of that his "office" was messy and all disorganized, the man has no personality. Clearly he does not care about making his patients look better, just there for the money

45.     The Fourth Defamatory Review is false. Defendant John Doe #5 directed the dissemination of the Fourth Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about the Plaintiffs.

46.     The above statements are knowingly and materially false, and were made to defame the Plaintiffs.

47.     Upon information and belief, Defendant John Doe #5 published the Fourth Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing him to lose revenue as the statements in the Fourth Defamatory Review bear directly on Plaintiffs'

services, professional capabilities, business practices, professional hygiene and treatment of their

clients—all key aspects of Plaintiffs' business and factors that any patient considers before

choosing to see a doctor.

48.     It is not possible that Plaintiffs engaged in the conduct alleged in the Fourth

Defamatory Review because Plaintiff Dr. Mirza does not "mix" Botox injections with anything

other than what is recommended by the manufacturers of Botox (Allergen), which is 0.9%

preservative-free Sodium Chloride diluent.

49.     Accordingly, the Fourth Defamatory Review is undeniably false.

**The Fifth Defamatory Review**

50.     On or about February 9, 2018, Defendant John Doe #6, with the username

"Donna D.," directed the authoring of a harassing and defamatory user review of Plaintiffs on

Yelp.com (accessible at to the public on the Internet at https://www.yelp.com/biz/botox-

juvederm-doctor-new-york-3) (the "Fifth Defamatory Review").

51.     Specifically, the Fifth Defamatory Review stated as follows:

> **This Dr is a scam artist.**  I got 60 units on at the end of
> nov.  By the end of December all my lines were back at full
> forces!  I spend a lot a money. Very angry!  I reached out to
> his office which isn't really an office at all but as he floats
> and rent spaces in numerous towns.  They never contacted
> me back. I also reached out to groupon and said they would
> check on it but again never got back to me. Spend your
> money else where at a more reputable Dr. DONT WASTE
> YOUR TIME!!!

52.     The Fifth Defamatory Review is false. Defendant John Doe #6 directed the

dissemination of the Fifth Defamatory Review in such a fashion that no reasonable person would

believe that the statements made therein were opinion, but rather statements of fact about

Plaintiffs.

53.     The above statements are knowingly and materially false, and were made to

defame Plaintiffs.

54.    Upon information and belief, Defendant John Doe #6 published the Fifth

Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing him to

lose revenue as the statements in the Fifth Defamatory Review bear directly on Plaintiffs'

services, professional capabilities, business practices, professional hygiene and treatment of their

clients—all key aspects of Plaintiffs' business and factors that any patient considers before

choosing to see a doctor.

55.    It is not possible that the allegations in the Fifth Defamatory Review are true

because Plaintiff Dr. Mirza is not a "scam artist."

56.    Accordingly, the Fifth Defamatory Review is undeniably false.

### The Sixth Defamatory Review

57.    On or about March 28, 2018, Defendant John Doe #7, with the username "Ashley

W.," directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com

(accessible at to the public on the Internet at https://www.yelp.com/biz/botox-juvederm-doctor-

new-york) (the "Sixth Defamatory Review").

58.    Specifically, the Sixth Defamatory Review stated as follows:

> I wish I would have seen ALLLL the complaints on RIP
> OFF REPORT before I wasted my money. If I could give
> him zero stars I would! **He's a complete fraudulent scam
> artist!** I saw him for simple cheek and nasolabial fillers.
> I've had them many times before with no problems,
> however, Dr. Mirza left me with a few ugly bruises that
> never went away and once the swelling subsided, I did not
> look any different whatsoever. First of all, his "office" was
> a briefcase of supplies (who knows if the products were
> even authentic or sterile) located in a sketchy backroom
> where him and his overdone looking assistant rush you in
> to get your payment. That should have been a dead
> giveaway for me to leave! I do not enjoy writing
> complaints, however, I am only sharing my horrible
> experience to help others from making the same mistake I
> made. Don't waste your money with him or his Groupon

"deals." I learned the hard way that I should have just spent more money to see a plastic surgeon in a real office to get real results rather than seeing Dr. Mirza and dealing with his unprofessionalism and awful results.

59.     The Sixth Defamatory Review is false.  Defendant John Doe #7 directed the dissemination of the Sixth Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about Plaintiffs.

60.     The above statements are knowingly and materially false, and were made to defame Plaintiffs.

61.     Upon information and belief, Defendant John Doe #7 published the Sixth Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing him to lose revenue as the statements in the Sixth Defamatory Review bear directly on Plaintiffs' services, professional capabilities, business practices, professional hygiene and treatment of their clients—all key aspects of Plaintiffs' business and factors that any patient considers before choosing to see a doctor.

62.     It is not possible that the allegations in the Sixth Defamatory Review are true because Plaintiff Dr. Mirza is not "fraudulent" or a "scam artist."

63.     Accordingly, the Sixth Defamatory Review is undeniably false.

**The Seventh Defamatory Review**

64.     On or about March 29, 2018, Defendant John Doe #8, with the username "Ashley W.," directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (accessible at to the public on the Internet at https://www.yelp.com/biz/botox-juvederm-doctor-cedar-grove) (the "Seventh Defamatory Review").

65.     Specifically, the Seventh Defamatory Review stated as follows:

**Can't believe this 'doctor ' hasn't been shut down by the**

11

**authorities**. Unfortunately I recently made the bad decision
to go for it and get Botox at one of his pop up offices which
is basically a room that he rents for a few hours and hires
an extremely young girl to 'assist ' him . All his pre mixed
Botox is in a bag on a table .  He was handling money ,
didn't use any antiseptic wipes or anything, he told me I
needed 60 units to get the desired effect I wanted.
He told me to scrunch my forehead and proceeded to inject
me . I've been getting Botox for years at another place and
what he gave me was either not Botox or a very watered
down version of Botox .
Do not be fooled by his fancy booklet advertising all sorts
of enhancements. It is all a lie .
When I asked for ice at the end he said icing it would
remove the Botox !
He was rude , unprofessional & I would not recommend
him to my worst enemy .
Shut him down !

66.     The Seventh Defamatory Review is false. Defendant John Doe #8 directed the

dissemination of the Seventh Defamatory Review in such a fashion that no reasonable person

would believe that the statements made therein were opinion, but rather statements of fact about

Plaintiffs.

67.     The above statements are knowingly and materially false, and were made to

defame Plaintiffs.

68.     Upon information and belief, Defendant John Doe #8 published the Seventh

Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing him to

lose revenue as the statements in the Seventh Defamatory Review bear directly on Plaintiffs'

services, professional capabilities, business practices, professional hygiene and treatment of their

clients—all key aspects of Plaintiffs' business and factors that any patient considers before

choosing to see a doctor.

69.     It is not possible that the allegations in the Seventh Defamatory Review are true

because Plaintiff Dr. Mirza is in fact a board-certified, license medical doctor, and Plaintiffs

exclusively use authentic Botox injections (produced by Allergen) and certified, medical-grade

diluents in accordance with Allergen recommendations.

70.     Accordingly, the Seventh Defamatory Review is undeniably false.

**The Eighth Defamatory Review**

71.     On or about April 3, 2018, Defendant John Doe #9, with the username "T H.,"

directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com

(accessible at to the public on the Internet at https://www.yelp.com/biz/botox-juvederm-doctor-

new-york) (the "Eighth Defamatory Review").

72.     Specifically, the Eighth Defamatory Review stated as follows:

> If it was possible to give him zero stars I would. Went to Dr
> Mirza and saw barely any effects from Botox. Didn't
> realize how well it was supposed to work until I went to a
> real doctor and received Botox. Within four days it worked
> the way It is supposed to. **This doctor is a scam and I
> think he's got water in those needles!**! Do Not waste your
> money! You get what you pay for!!!

73.     The Eighth Defamatory Review is false. Defendant John Doe #9 directed the

dissemination of the Eighth Defamatory Review in such a fashion that no reasonable person

would believe that the statements made therein were opinion, but rather statements of fact about

Plaintiffs.

74.     The above statements are knowingly and materially false, and were made to

defame Plaintiffs.

75.     Upon information and belief, Defendant John Doe #9 published the Eighth

Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing him to

lose revenue as the statements in the Eighth Defamatory Review bear directly on Plaintiffs'

services, professional capabilities, business practices, professional hygiene and treatment of their

clients—all key aspects of Plaintiffs' business and factors that any patient considers before

choosing to see a doctor.

13

76.     It is not possible that the allegations in the Eighth Defamatory Review are true because Plaintiff Dr. Mirza is not running a "scam" and never mixes water with Botox injections.

77.     Accordingly, the Eighth Defamatory Review is undeniably false.

### The Ninth Defamatory Review

78.     On or about April 24, 2018, Defendant Julie Sperber, with the username "Jay J.," directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (accessible at to the public on the Internet at https://www.yelp.com/biz/botox-juvederm-doctor-cedar-grove) (the "Ninth Defamatory Review").

79.     Specifically, the Ninth Defamatory Review stated as follows:

> 'DR'  Muhammed Mirza.. **This person is not a doctor.. He has no medical qualifications.**  If you find out he graduated from a hospital in the US or elsewhere, let me know! Please do not imagine he'll do anything but rip you off. Charge you massive fees to do nothing that is going to enhance your beauty!  Don't go near him.. He screwed me out of $1,000.. **Pretending to put botox in my face.** NO.. I have blood under my skin from the needles he stuck into my face .. And a massive headache.  It never occurred to me that he was unqualified, a rip off, a joke, a THIEF. Good grief how did this myth get started.. ? Groupon?  Watch out for people like him! Believe me, **he's not a physician!** He's a wacko. Stay away. I will try to take him to court....But who knows if the process will allow me to get my money back? A lot of work and stress. Good luck to you all! Don't get ripped off people.

80.     The Ninth Defamatory Review is false. Defendant Julie Sperber directed the dissemination of the Ninth Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about Plaintiffs.

81.     The above statements are knowingly and materially false, and were made to defame Plaintiffs.

82.     Upon information and belief, Defendant Julie Sperber published the Ninth

Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing him to lose revenue as the statements in the Ninth Defamatory Review bear directly on Plaintiffs' services, professional capabilities, business practices, professional hygiene and treatment of their clients—all key aspects of Plaintiffs' business and factors that any patient considers before choosing to see a doctor.

83.     It is not possible that the allegations in the Ninth Defamatory Review are true because Plaintiff Dr. Mirza is in fact a board-certified, license medical doctor.

84.     Accordingly, the Ninth Defamatory Review is undeniably false.

**The Tenth Defamatory Review**

85.     On or about June 9, 2018, Defendant John Doe #11, with the username "Katie M.," directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (accessible at to the public on the Internet at https://www.yelp.com/biz/botox-juvederm-doctor-new-york) (the "Tenth Defamatory Review").

86.     Specifically, the Tenth Defamatory Review stated as follows:

> First off let me just say I am a person that never writes reviews and complains. But for this I most definitely do. **I regret that I did not do my research from the start about this fraud**. When I came to this "HOT YOGA PLACE" I thought something was way off. I knew I should have listened to my gut. All his goods come from little bags he travels with. He is very rude and impatient and basically wants you out of there. Mind you I was still bleeding and being rushed out! **I wish I never wasted my money on this fool and I really hope someone sees this and makes them never want to go to this fraud**!!!!

87.     The Tenth Defamatory Review is false. Defendant John Doe #11 directed the dissemination of the Tenth Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about Plaintiffs.

88.     The above statements are knowingly and materially false, and were made to defame Plaintiffs.

89.     Upon information and belief, Defendant John Doe #11 published the Tenth Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing him to lose revenue as the statements in the Tenth Defamatory Review bear directly on Plaintiffs' services, professional capabilities, business practices, professional hygiene and treatment of their clients—all key aspects of Plaintiffs' business and factors that any patient considers before choosing to see a doctor.

90.     It is not possible that the allegations in the Tenth Defamatory Review are true because Plaintiff Dr. Mirza is not a "fraud."

91.     Accordingly, the Tenth Defamatory Review is undeniably false.

## Damage to Plaintiffs' Reputations and Business

92.     Plaintiffs had and continues to have contractual relationships with their patients, customers and vendors.

93.     The Defendants scripted and caused to be disseminated the above statements in order to interfere with Plaintiffs' contractual relationships with its patients, customers and vendors, and upon information and belief, to injure Plaintiffs' business by inducing Plaintiffs' patients, customers and vendors and prospective patients to cease doing business with Plaintiffs.

94.     Since the appearance of the Defamatory Reviews, several patients have claimed to have read the reviews and have called or messaged to inquire about the truth of the false statements therein and, upon information and belief, cancelled scheduled appointments with Dr. Mirza.

95.     As a direct and proximate result of Defendants' defamatory conduct described herein, a number of Dr. Mirza's patients (or prospective patients) have refused to start and/or

continue business with Plaintiffs.

96.     While Plaintiffs' business perseveres, Defendants' campaign to defame and injure Plaintiffs have caused their patients significant concern about the propriety of Plaintiffs' medical practice, such that the trend of fewer patients is likely and the risk of losing patients is tangible. Without patients, Plaintiffs' will have no business.  This damage is in addition to the permanent and irreparable harm to Plaintiff Dr. Mirza's professional and personal reputations that Defendants' defamatory conduct has caused (and will continue to cause unless enjoined).

**FIRST CAUSE OF ACTION**
**[Defamation Per Se and Trade Libel]**

97.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 96 as though fully set forth here.

98.     Defendants have intentionally made knowingly false statements of fact about Plaintiffs via the Defamatory Reviews.

99.     These statements were made maliciously and willfully, and were intended to cause harm to Plaintiffs' business and reputation.

100.     The aforementioned statements were false when made and Defendants knew or should have known that the statements were false when made.

101.     These statements were made maliciously and willfully, and were intended to cause harm to Plaintiffs' personal and professional reputation.  The statements were made with reckless disregard for their truth or falsity or with knowledge of their falsity and with wanton and willful disregard of the reputation and rights of the Plaintiffs.

102.     The aforementioned statements where made of and concerning Plaintiffs, and were so understood by those who read Defendants' publication of them.

103.     Among other statements, Defendants falsely accused Plaintiffs of:  diluting Botox

with water or some other improper diluent, practicing some species of "fraud", being a "scam artist", or not actually being a licensed and/or trained medical doctor.

104.    Defendant's false statements of fact tend to injure Plaintiffs in their business trade and/or profession.

105.    These statements were false, and were published to third parties in this county and across the Internet.

106.    As a result of Defendants' acts, Plaintiffs have suffered irreparable damage to its reputation and further damages in the form of lost sales and profits, in an amount to be determined at trial.

107.    As a result of the willful and malicious nature of the defamation, Plaintiffs are entitled to punitive damages.

## SECOND CAUSE OF ACTION
**[Tortious Interference with Contractual Relations and Prospective Contractual Relations]**

108.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through 96 as though fully set forth here.

109.    Plaintiffs had existing contracts with Plaintiffs' patients, customers and vendors and prospective patients, and reasonably expected that its contractual relationship these would continue into the future.

110.    Defendants knew of Plaintiffs' contracts.

111.    By the wrongful conduct described above, Defendants internationally and improperly interfered with Plaintiffs' contracts with Plaintiffs' patients, customers and vendors and prospective patients, and did so with the intent and purpose of damaging Plaintiffs' business and reputation.

112.    Defendants' interference caused Plaintiffs' patients, customers and vendors and prospective patients confusion and to cease doing business with Plaintiffs.

113.    As a result of Defendants' actions, Plaintiffs have been and continue to be damaged in an amount to be determined at trial.

114.    Plaintiffs have also suffered and will continue to suffer irreparable harm in the form of damage to their reputations as a result of Defendants' conduct described herein.

115.    While an award of damages may be adequate to compensate Plaintiffs for the loss of particular contracts or patients, an award of damages will not be adequate to compensate Plaintiffs for the damage to their reputations caused by Defendants.  Plaintiffs have suffered and will continue to suffer irreparable harm unless injunctive relief is granted.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants awarding Plaintiffs:

1.    a Permanent Injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from disparaging or otherwise posting defamatory comments about Plaintiffs;

2.    that the Court issue an Order at the conclusion of the present matter directing Defendants to undertake such remedial efforts as the Court deems necessary to restore Plaintiffs' reputation;

3.    actual damages in an amount to be determined at trial, due to commercial defamation per se and trade libel, and an order directing Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, to remove, delete, or otherwise disable such posts;

4.      exemplary or punitive damages in an amount appropriate to punish Defendants and
to make an example of Defendants to the community;

5.      actual damages in an amount to be determined at trial, but in no event less than
$1,000,000, due to common law tortious interference;

6.      attorney's fees and costs as permitted by law; and

7.      such other relief as the Court deems just and equitable under the circumstances.

Dated:      Brooklyn, New York
            January 31, 2019

                              Respectfully submitted,

                              **Lewis & Lin, LLC**

                              _/s Justin Mercer_____

                              DAVID D. LIN (DL-3666)
                              JUSTIN MERCER (JM-1954)
                              81 Prospect Street, Suite 8001
                              Brooklyn, NY 11201
                              David@iLawco.com
                              Justin@iLawco.com
                              Telephone:  (718) 243-9323
                              Facsimile: (718) 243-9326

                              *Attorney for Plaintiffs*