UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. MUHAMMAD MIRZA and ALLIED MEDICAL AND DIAGNOSTIC SERVICES, LLC,<br><br>*Plaintiffs*,<br><br>vs.<br><br>LORI MEHRKENS, JULIE SPERBER and JOHN DOES #3-9 and 11,<br><br>*Defendants*. | Case No: 1:18-CV-06232-LAP<br><br> |

~~STIPULATION FOR ENTRY OF~~ **CONSENT JUDGMENT AND PERMANENT INJUNCTION ORDER AS TO DEFENDANT JULIE SPERBER ONLY**

Plaintiffs Dr. Muhammad Mirza, MD, ("Dr. Mirza") and Allied Medical and Diagnostic Services, LLC, ("Allied Medical", collectively with Dr. Mirza, "Plaintiffs") by their attorneys Lewis & Lin LLC, and Julie Sperber ("Sperber") by her attorneys New York Legal Assistance Group, stipulate and agree as follows:

1.  On July 10, 2018, Plaintiffs filed a complaint for permanent injunction and other relief asserting claims for libel per se and trade libel; and tortious interference with contractual relations ("Complaint"). On or about February 1, 2019, Plaintiffs filed a second amended complaint asserting such claims against, *inter alia*, Sperber (the "Second Amended Complaint").

2.  Plaintiffs and Sperber (collectively the "Parties") wish to resolve this matter and they hereby consent to an entry of judgment in the above-captioned case and entry of the

following Permanent Injunction Order against them.

3. The Court has subject-matter and personal jurisdiction over Sperber.

4. The Parties waive the entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure.

5. This Permanent Injunction Order will be entered under Federal Rule of Civil Procedure 65 and will constitute the final judgment in this matter as the claims asserted in Plaintiffs' Second Amended Complaint. The Parties waive the right to appeal from this judgment and will bear their respective costs, including any attorney's fees or other expenses of this litigation.

6. This Court should retain jurisdiction over this matter for the purpose of implementing and enforcing this Permanent Injunction Order. If Sperber violates the Permanent Injunction Order she may be subject to civil and criminal sanctions for Contempt of Court.

## CONSENT JUDGMENT PERMANENT INJUNCTION ORDER

**IT IS HEREBY ORDERED THAT** Defendant Julie Sperber ("Sperber") is **PERMANENTLY ENJOINED**, effective from the date of entry of this Order, from directly or indirectly making any statements about Allied Medical or its services, techniques, or methods, or those of its employees or officers (including Dr. Mirza), on the Internet, by social media, in other published materials, orally, or by any other means, provided that she may provide complete and accurate information when required to do so by law. The provisions in this paragraph will apply to all persons acting at the direction of or in concert with Sperber.

**IT IS FURTHER ORDERED** that Sperber will remove from all Internet websites and/or social media sites and services that she controls all materials referring to Allied

Medical, its employees or officers, including Dr. Mirza. In addition, Sperber will remove from all Internet websites and/or social media sites and services that she controls any and all statements directly or indirectly disparaging Allied Medical or its services, techniques, or methods, or those of its employees or officers, including Dr. Mirza. This paragraph applies specifically but is not limited to the Yelp post(s) referenced in the Second Amended Complaint.

**IT IS FURTHER ORDERED** that Sperber, if asked directly to comment on Allied Medical or its services, techniques, or methods, or those of its employees or officers (including Dr. Mirza), shall respond, in sum and substance, "Due to a court order, I cannot comment on Dr. Mirza."

**IT IS FURTHER ORDERED** that in the event that any suit or action is instituted under or in relation to this Permanent Injunction Order, the prevailing party in such dispute shall be entitled to recover from the losing party all fees, costs and expenses of enforcing any right of such prevailing party under or with respect to this Permanent Injunction Order, including without limitation, such reasonable fees and expenses of attorneys and accountants, which shall include, without limitation, all fees, costs and expenses of appeals.

**IT IS FURTHER ORDERED** that Plaintiffs may engage in post-judgment discovery to monitor compliance with this Permanent Injunction Order.

**IT IS FURTHER ORDERED** that judgment shall be entered in favor of Plaintiffs on Plaintiffs' Second Amended Complaint <u>as to Julie Sperber only</u>, and this Court shall retain jurisdiction over the subject matter hereof and the parties hereto for the purposes of enforcing this Consent Judgment and Permanent Injunction and any additional orders necessary and appropriate to the public interest.

**IT IS FURTHER ORDERED** that this Consent Judgment and Permanent Injunction Order constitutes a final judgment pursuant to Fed. R. Civ. P. 54. Each party shall bear its own costs and attorney's fees incurred in connection with this case.

**IT IS SO ORDERED.**

This 22nd day of May, 2019.

_____
Loretta A. Preska, U.S.D.J.

APPROVED AS TO FORM AND CONTENT:

LEWIS & LIN LLC

By: /s/ Justin Mercer
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9325
Justin@iLawco.com

*Counsel for Plaintiffs Dr. Muhammad Mirza and Allied Medical and Diagnostic Services, LLC*

Dated: May 14, 2019

BETH E. GOLDMAN, ESQ.
New York Legal Assistance Group

By: Susanne Toes - Staff Attorney
NYLAG Clinic for Pro Se Litigants
Room LL22, 40 Foley Square
New York, NY 10007
Phone: 212.613.5090
Fax: 212.714.2050
Email: skeane@nylag.org

*Pro Bono Counsel for Defendant Julie Sperber*

JULIE SPERBER

_____

4