# LEWIS & LIN LLC

Brett E. Lewis
David D. Lin

Roberto Ledesma
Justin Mercer
Lauren Valli
Arielle Vishny

81 Prospect Street, Suite 8001
Brooklyn, NY 11201

Tel: (718) 243-9323
Fax: (718) 243-9326

www.iLawco.com

Writer's email: Justin@iLawco.com

March 6, 2020

<u>Via ECF</u>
Hon. Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street, Room 2220
New York, NY 10007

> *Dr. Muhammad Mirza et al. v. Does et al.*,
> Civil Action No. 1:18-cv-06232-LAP

Dear Judge Preska:

      Further to my letter to the Court of June 12, 2019 (ECF No. 37), I write to inform the Court as to the status of the action/remaining claims/defendants. At this stage of the action, there are eight remaining Doe defendants with whom Plaintiffs have yet to resolve their claims.

      As the Court is aware, Plaintiffs filed a miscellaneous action in the Northern District of California seeking to enforce the subpoena served by Plaintiffs upon Yelp, Inc. ("Yelp") for information concerning the remaining John Doe defendants who created certain anonymous and defamatory reviews posted on the website Yelp.com, entitled *In re Dr. Muhammad Mirza et al.*, Case No. 3:19-mc-80146-SK (the "N.D. Cal Enforcement Action"). On July 23, 2019, the assigned magistrate judge, Hon. Sallie Kim, granted Plaintiffs' request and compelled Yelp to provide identifying information regarding the outstanding John Does #3-9 and 11 (as identified in the Complaint). Subsequently, Yelp moved for reconsideration of Magistrate Judge Kim's order and requested certification for interlocutory appeal. Then, on August 6, 2019, Magistrate Judge Kim denied both of Yelp's requests. Finally, thereafter, Yelp complied with the subpoena and produced names (that were provided by the Does and not verified), email addresses and IP addresses for the outstanding John Does #3-9 and 11.

      After receiving Yelp's production, Plaintiffs have undertaken several efforts to accurately identify the Does and ultimately attempt to resolve this action with them. While some of the remaining Does did provide Yelp with pseudonyms in place of their real names (as Plaintiffs

LEWIS & LIN LLC

surmised in our letter to the Court on April 26th), Plaintiffs were able to identify each of the remaining Does after additional diligence and numerous reviews of their records.  Given this action was commenced some time ago, some of the information Yelp provided and Plaintiff's internal records were stale or incomplete. For example, by the time Yelp ultimately produced emails and IP addresses, some of the Does had moved several times and/or had not provided Plaintiffs with accurate home addresses  Thus, Plaintiffs spent additional time after said production confirming Does' contact information (i.e. physical addresses) with public records and commercially available software.  The results of that research was ultimately successful as to 7 of the 8 remaining Does.

As of the date of this letter, Plaintiffs have sent communications to each individuals whom plaintiffs' research indicated are the Does, with a proposal potential resolution of Plaintiffs' claims *without* further judicial intervention.  As referenced above, even though Plaintiffs did send a letter an individual who it believed to be the Doe, the recipient of Plaintiffs' letter indicated that they were not the Doe in question.  Further,  that Doe's email address, that Yelp provided, is no longer active. Thus, Plaintiffs will have to do additional diligence to confirm and/or discovery this Doe's identity.

As the Court is aware, Plaintiffs were able to resolve its claims with two of the original named defendants in this fashion. See [DE 35-36]. In those instances, Plaintiffs and Does signed stipulations containing the terms governing the settlement which included the entry of a permanent injunction.  Plaintiffs' most recent proposals do not include such injunction requirement. Thus, we predict that our current negotiations and proposals, if accepted, will not only be expeditious, but would not require further judicial action. Of the eight, three have responded to Plaintiffs' satisfaction and we are diligently negotiating agreements. For example, John Doe #9 has communicated with Plaintiffs via counsel, and we have exchanged drafts of a settlement agreement. While Plaintiffs are extremely appreciative of the Court's consideration and leniency as Plaintiffs have embarked on this long road to identifying the Does, Plaintiffs respectfully ask the Court for a limited amount of time to finalize those efforts.

Accordingly, pursuant to Federal Rules of Civil Procedure 4(m), we ask the Court for an additional 30 days from today to (a) amend the Second Amended Complaint to name the remaining Doe defendants how have not resolved this matter via Plaintiffs' informal efforts mentioned above, and (b) to serve those named defendants.  We thank the Court for its consideration.

Respectfully submitted,

*/s/ Justin Mercer*
Justin Mercer